COMMONWEALTH *vs.* JAMES REYNOLDS. No. 93-P-1221. June 15, 1994. *Jurat. Controlled Substances. Evidence,* Certificate of drug analysis.

Whatever the sanctity of a seal in a less literate and more ceremonial age,[1] the practice of actually affixing a seal, whether by wax, gummed seal with impression, or just impression on the jurat of a notary public or justice of the peace has long slipped into desuetude in Massachusetts. In this State, the seal has lost its bark. See *Nalbandian* v. *Hanson Restaurant & Lounge, Inc.,* 369 Mass. 150, 154-155 (1975).

There is, therefore, nothing to the argument of the defendant that the government's narcotics prosecution against him was defective because no seal was impressed on the jurat of the notary public who attested the signature on the government's certificate of analysis under G. L. c. 111, § 13. The analysis was of material, thought to be cocaine, which police officers had seized from the defendant. The defendant was convicted of a second offense of possession of cocaine with intent to distribute it and possession of cocaine with intent to distribute it within 1,000 feet of a school yard. Section 13 of c. 111 provides that a certificate of certain analysts designated in the statute shall be prima facie evidence of the weight and

---

[1] *Nalbandian* v. *Hanson Restaurant & Lounge, Inc.,* 369 Mass. 150, 154 (1975). Holmes, Jr., The Common Law 271-272 (1881). 7 Wigmore, Evidence § 2161 (Chadbourn rev. 1978).

nature of the chemical involved in a prosecution. Such a certificate "shall be sworn to before a justice of the peace or notary public." G. L. c. 111, § 13, as amended through St. 1992, c. 378.

The traditional function of the seal "in authenticating documents and establishing the parties thereto no longer really exists in this Commonwealth." *Nalbandian* v. *Hanson Restaurant & Lounge, Inc.*, 369 Mass. at 155. Since 1929, for example, recitation that an instrument is under seal produces the effect of a sealed instrument, unless a seal is expressly required. G. L. c. 4, § 9A, as inserted by St. 1929, c. 377, § 2. There is no express provision in G. L. c. 111, § 13, requiring that a certificate of analysis bear a seal, in the jurat or anywhere else. General Laws c. 222, § 1, dealing with the appointment of justices of the peace and notaries public, does not require that they acquire a seal. By comparison, under G. L. c. 222, § 5, a person appointed a "Commissioner for Massachusetts" in a State (other than Massachusetts), territory, district or dependency of the United States is required to "cause an official seal to be prepared." A Commissioner, when exercising the powers and duties of that arcane office in his or her foreign posting, is instructed by G. L. c. 222, § 6, that documents attested "shall be certified by him under his official seal."

As to the jurat of a notary public or justice of the peace within Massachusetts, we are content that the act of affixing one's signature and writing in the date on which one's commission expires is formality adequate to the occasion.

*Judgments affirmed.*

The case was submitted on briefs.

*Peter M. Dempsey* for the defendant.

*Thomas F. Reilly*, District Attorney, & *James W. Sahakian*, Assistant District Attorney, for the Commonwealth.